Ben Paul NOBLE, Appellant,

v.

COLUMBIA BROADCASTING SYSTEM, a corporation, et al., Appellees.

No. 14787.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 23, 1959.

Decided Oct. 1, 1959.

Mr. Arthur E. Neuman, Washington, D. C., for appellant.

Messrs. Percy A. Shay and Sidney H. Willner, Washington, D. C., for appellees. Mr. James H. McGlothlin, Washington, D. C., also entered an appearance for appellee Washington Post Company.

FAHY, Circuit Judge.

In 1949 appellant approached officials of the predecessor of WTOP-TV, one of the appellees, with an idea for producing a television program called "Letter of the Law." The program was a spontaneous, unrehearsed, fictitious courtroom drama, using local lawyers and judges, with participation by the studio audience as jurors. The particular subject matter of the drama differed in each program. Under arrangements with appellant the programs were later produced locally for some thirteen weeks, and then discontinued. Thereafter officials of the Columbia Broadcasting System, an appellee, broadcast on its network, which included WTOP-TV, a program of similar general character, under the title "The Verdict Is Yours." Appellant brought this action in the District Court to enjoin this broadcast and for damages. After denying the injunction the court gave summary judgment for appellees, followed by this appeal.

The facts do not bring the case within the area of any statutory or common law copyright problem, leaving only the question whether, as appellant contends to be the case, appellees adopted and used such an idea of appellant as to entitle him either to injunctive or compensatory relief within the principles set forth in our decision in Hamilton Nat. Bank v. Belt, 93 U.S.App.D.C. 168, 210 F.2d 706. A fatal difficulty with his position is that as matter of law, there being no genuine issue of material fact in this regard, the idea relied upon lacked the essential element of novelty. See Hamilton Nat. Bank v. Belt, supra. For this reason, and without the necessity of considering other questions, the judgment will be affirmed.

Affirmed.